**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5884

CHARLES ANTHONY COTTON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-95-30-R)

Submitted: June 11, 1996

Decided: July 26, 1996

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Malcolm McL. Doubles, Salem, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant
United States Attorney, Brendan Chao, Third Year Law Intern, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Charles Anthony Cotton, Jr., appeals his conviction under 18 U.S.C.A. § 924(c) (West Supp. 1996) for using or carrying a firearm during the commission of a drug crime, and under 21 U.S.C. §§ 846 and 841(a)(1) (1988) for conspiracy to distribute and possession with the intent to distribute cocaine base. Finding no error, we affirm.

First, Cotton claims the district court abused its discretion by refusing to allow him to withdraw his guilty plea for the§ 924(c) conviction under Bailey v. United States, #6D6D 6D# U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448). Cotton correctly claims he did not "use" a firearm under the Bailey standard. However, the district court did not abuse its discretion because Cotton's conviction is valid under the "carry" prong of § 924(c). Cotton's indictment specifically stated that he "did knowingly use or carry a firearm" in violation of § 924(c) (emphasis added). Cotton left the gun in his car while collecting on a drug debt; its proximity made it available during the transaction. Thus, Cotton's conviction is valid for "carrying" a firearm. See United States v. Jones, 49 F.3d 628, 632 (10th Cir. 1995); United States v. Barber, 594 F.2d 1242, 1244 (9th Cir.), cert. denied, 444 U.S. 835 (1979).

Second, Cotton claims the district court abused its discretion by refusing to allow him to withdraw his guilty plea because of ineffective assistance of counsel. However, an ineffective assistance of counsel claim is not reviewable on direct appeal unless it "conclusively appears" from the record that defense counsel's representation was not effective. United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994). The record does not conclusively demonstrate ineffective assistance of counsel. Thus, we do not address the issue, which may properly be asserted in a motion under 28 U.S.C.§ 2255 (1988).

Accordingly, we affirm Cotton's conviction. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3